IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRED HUFFMAN,                                    :
                                                 :
                    Petitioner,                  :
                                                 :
        v.                                       :          Civil Action No. 19-1731-LPS
                                                 :
ROBERT MAY, Warden, and                          :
ATTORNEY GENERAL OF THE                          :
STATE OF DELAWARE,                               :
                                                 :
                    Respondents.[1]              :

---

## MEMORANDUM OPINION

Fred Huffman. *Pro se* Petitioner.

Kathryn J. Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

September 9, 2021
Wilmington, Delaware

---

[1]Warden Robert May replaced former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I.     INTRODUCTION

Presently pending before the Court is Petitioner Fred Huffman's ("Petitioner") Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition").  (D.I. 2)  The State filed a

Motion for Leave to File a Motion to Dismiss (D.I.18), to which Petitioner filed two Replies in

opposition.  (D.I. 14; D.I. 15)  The Court granted the State leave to file the Motion to Dismiss.

(D.I. 17)  For the reasons discussed, the Court will grant the Motion to Dismiss (D.I. 18) and

dismiss the Petition.

## II.    BACKGROUND

As summarized in an earlier opinion from this Court:

> Petitioner sexually molested his stepdaughter from 1990, when she
> was eight years old, until 1995, when she was thirteen years old.  The
> stepdaughter reported Petitioner's assault to the police in November
> 2010.  On January 26, 2012, Petitioner pled guilty to one count of
> second degree unlawful intercourse as a lesser included offense of
> first degree unlawful intercourse.  The Superior Court sentenced
> Petitioner on July 26, 2013 to twenty years at Level V incarceration,
> with credit for twenty-nine days served, suspended after ten years for
> the balance to be served at Level IV incarceration or decreasing levels
> of supervision.  Petitioner was also required to register as a Tier 3 sex
> offender.  He did not file a direct appeal.
>
> In June 2014, Petitioner filed a *pro se* motion for post-conviction
> relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule
> 61 motion").  The Superior Court denied the Rule 61 motion on
> August 21, 2014, and the [Delaware] Supreme Court affirmed that
> decision on July 6, 2015.

*Huffman v. Metzger*, 2018 WL 1905645, at *1 (D. Del. Apr. 23, 2018).

On August 3, 2015, Petitioner filed in this Court a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  *See Huffman*, 2018 WL 1905645, at *1.  The Court denied the petition

on April 23, 2018 after determining that two claims lacked merit, six claims were procedurally

barred, and two claims asserted state law issues that were not cognizable on federal habeas review. *See Huffman*, 2018 WL 1905645, at *3-7. The Court of Appeals for the Third Circuit declined to grant Petitioner a certificate of appealability. *See Huffman v. Warden*, 2018 WL 11301386, at *1 (3d Cir. Aug. 30, 2018). In June 2019, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *See Huffman v. Metzger*, 139 S.Ct. 265 (2019).

In the meantime, while his first § 2254 petition was pending before the Court, the Delaware Superior Court corrected Petitioner's sentence on March 10, 2016 to reflect that it was subject to the Delaware Truth-in-Sentencing ("TIS") Act. (D.I. 10-1 at 5, Entry No. 40; D.I. 18 at 2) Petitioner then filed a motion to compel the Department of Correction to treat his sentence as a non-TIS sentence, which the Superior Court denied. (D.I. 18 at 3) The Delaware Supreme Court affirmed that judgment. *See Huffman v. State*, 157 A.3d 758 (Table), 2017 WL 773587 (Del. Feb. 27, 2017), *reh'g en banc denied* (Mar. 15, 2017). In March 2017, Petitioner filed a motion for correction of sentence, which the Superior Court denied. (D.I. 18 at 3) The Delaware Supreme Court affirmed that decision on June 21, 2017. *See Huffman v. State*, 166 A.3d 102 (Table), 2017 WL 2686552 (Del. June 21, 2017).

In January and February 2019, after the denial of his first habeas petition, Petitioner filed in the Delaware Superior Court a motion for relief from the sex offender registry and a motion for credit time. (D.I. 10-1 at 8, Entry Nos. 61, 62; D.I. 10-8) The Superior Court denied both motions, and the Delaware Supreme Court affirmed that decision on August 7, 2019. *See Huffman v. State*, 214 A.3d 942 (Table), 2019 WL 3731437 (Del. Aug. 7, 2019).

Petitioner filed the instant habeas Petition on September 13, 2019. (D.I. 2) The State filed a Motion for Leave to Dismiss, contending that the Petition is successive and untimely (D.I. 9 at 2), while simultaneously filing the actual Motion to Dismiss explaining its arguments more thoroughly

2

(D.I. 9-1). Petitioner filed two Responses opposing the Motion for Leave to Dismiss, which appear to re-assert the claims in the instant Petition and also briefly address the State's argument that the Petition is second or successive and untimely.[2] (D.I. 14; D.I. 15) The Court granted the State's Motion for Leave to File a Motion to Dismiss (D.I. 17), and the Motion to Dismiss was docketed as a separate entry (D.I. 18).

## III.   SECOND OR SUCCESSIVE GATEKEEPING DOCTRINE

As a general rule, petitioners must bring their claims in one habeas action. Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

The term "second or successive" is a "term of art," and does not simply refer to all § 2254 applications filed second or successively in time. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a

---

[2]Petitioner does not appear to address the State's argument that the entire Petition should be dismissed as time-barred. Instead, he focuses on the SORNA/double jeopardy argument asserted in Claim One, and argues that it is not untimely because he actually raised the argument in two federal habeas petitions filed in 2017, which the Court did not address because it administratively closed the cases (Civ. A. No. 17-314-LPS and Civ. A. No. 17-1026-LPS). (D.I. 14 at 4-5) Petitioner, however, fails to acknowledge that the Court administratively closed the two 2017 habeas cases because they challenged the same 2012 conviction that he was challenging in his first (2015) petition. He also fails to address the fact that the Court did consider the arguments in the two 2017 petitions because it treated those petitions as supplements to his first (2015) petition. *See* Civ. A. No. 17-1026-LPS D.I. 3; Civ. A. No. 17-314-LPS D.I. 3; *see also generally Huffman*, 2018 WL 1905645. Petitioner also argues that he could not have raised Claim One's SORNA/double jeopardy issue until August 2019, when the Delaware Supreme Court affirmed the Superior Court's denial of his motion for relief from the sex offender registry and his motion for credit time. (D.I. 15 at 26) The Court addresses this contention in Section IV of this Opinion.

3

claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## IV.   DISCUSSION

Petitioner appears to present the following claims in his Petition: (1) Delaware retroactively passed its sex offender registration law, 11 Del. C. § 4121 ("SORNA"), under the guise of being civil legislation in order to avoid violating the Double Jeopardy Clause of the Fifth Amendment; (2) Delaware's retroactive application of SORNA violated Petitioner's constitutional right to fair notice; (3) SORNA was jurisdictionally time-barred; (4) the Superior Court knowingly and willingly selectively enforced federal constitutional law and state law; (5) the sex offender registration requirement is biased because all other felony offenses are excepted; (6) Petitioner was denied a pre-sentence psychological risk assessment and was classified at the highest risk level based on speculation and *ex parte* victim embellishment; (7) SORNA violates the Double Jeopardy clause because failure to pay an annual fee triggers a felony offense, turning a civil infraction into a felony; and (8) enforcement of SORNA violates the Eighth Amendment prohibition against cruel and unusual punishment because it promulgates public shaming of the offender and his family, keeps him from being employed, and requires payment of a registration fee for an offense that does not exist. (D.I. 2 at 5, 7-8, 10)

The instant Petition meets all three criteria to classify it as a second or successive petition. First, although the majority of the claims in the instant Petition focus on the portion of Petitioner's sentence requiring him to register as a sex offender, that sentence was imposed as a result of Petitioner's 2012 conviction for first degree unlawful sexual intercourse and second degree unlawful sexual contact. Distilled to its core, then, the instant Petition challenges the same 2012 conviction that Petitioner challenged in his first habeas petition. Second, the first petition was adjudicated on

4

the merits. Third, Petitioner either did or could have presented the claims in the instant Petition in his first petition.

Petitioner attempts to avoid the second/successive bar by arguing he could not have included the claims challenging his sex offender registration requirement in his first petition because they were not "ripe" until 2019, when the Delaware state courts denied his motion for relief from the sex offender registry. (D.I. 15 at 26)  This argument is unavailing; Petitioner actually did challenge the sex offender registration requirement in his first petition. Given these circumstances, the Court concludes that the instant Petition constitutes a second or successive habeas request under 28 U.S.C. § 2244.

Since Petitioner did not obtain the requisite authorization from the Court of Appeals for the Third Circuit to file this successive habeas request,[3] the Court lacks jurisdiction to consider the Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will grant the State's Motion to Dismiss the Petition on the ground that it constitutes an unauthorized second or successive petition for habeas relief.[4]

## V.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A

---

[3] *See* 28 U.S.C. §§ 2244(b)(3); Rule 9, 28 U.S.C. foll. §2254.

[4] Having determined that the Petition must be dismissed for lack of jurisdiction under the second or successive doctrine, the Court will not address the State's additional argument that the Petition is time-barred.

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VI.   CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the Petition for lack of jurisdiction. An appropriate Order will be entered.